**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. _____                                           DIVISION " "

**HARVEY HALL**

**VERSUS**

**DOLGEN, L.L.C. d/b/a DOLLAR GENERAL CORPORATION, ABC INSURANCE COMPANY, AND JOHN DOE**

FILED: _____          _____
                                                      Deputy Clerk

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, **HARVEY HALL**, a person of the full age of majority, domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents that:

1.

Made defendants herein are:

a. **DOLGEN, L.L.C. d/b/a DOLLAR GENERAL CORPORATION**, (herein after referred to as "Dollar General Corporation"), a foreign business authorized to and doing business in Orleans Parish and the State of Louisiana and within the jurisdiction of this Honorable Court.

b. **ABC INSURANCE COMPANY**, upon information and belief, a foreign insurance company licensed to and doing business in the State of Louisiana.

c. **JOHN DOE**, a store manager of defendant, **DOLLAR GENREAL CORPORATION**, and a natural person of the full age of majority, domiciled within the State of Louisiana, and within the jurisdiction of this Honorable Court.

2.

That defendants herein are individually, jointly and in solido indebted unto Petitioner for such damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

3.

Venue is proper in this jurisdiction pursuant to the Louisiana Code of Civil Procedure Article 74 because the wrongful conduct occurred and the damages were sustained by Plaintiff in Orleans Parish.

2021-01419 Case 2:21-cv-01353-SSV-JVM    Document 1-3    Filed 07/16/21    Page 2 of 5

G
Section 11

FILED
2021 FEB 17  A 11:00
CIVIL
DISTRICT COURT

4.

That on or about February 26, 2020, Petitioner, **HARVEY HALL** (herein after "Petitioner") fell in Defendant's retail store, known as DOLLAR GENERAL, located at municipal address 5700 Crowder Boulevard in New Orleans, Louisiana in Orleans Parish.

5.

Upon information and belief, at all times relevant, Defendant, **DOLLAR GENERAL CORPORATION** owned, controlled, operated, maintained, and/or had custody of the subject DOLLAR GENERAL located 5700 Crowder Boulevard in New Orleans, Louisiana in Orleans Parish.

6.

On the day of the incident in question, Petitioner was shopping at the Dollar General store located at 5700 Crowder Boulevard in New Orleans, Louisiana in Orleans Parish.

7.

Petitioner was pushing a shopping cart out of the store when suddenly the shopping cart's anti-theft device, located on the wheels, locked causing him to fall to the ground.

8.

Immediately after the incident, Petitioner was assisted by the store manager, assistant manager, and staff members who advised the wheels of the shopping cart locked and it happens often. Petitioner avers that it was the anti-theft device locking that caused him to fall.

9.

Upon information and belief, Petitioner avers that anti-theft devices are on the majority of the wheels on Dollar General's shopping carts and the cart Mr. Hall was operating was overused. Dollar General was aware of the devices need for maintenance and/or replacement, thus Defendant, DOLLAR GENERAL CORPORATION and its store manager, **JOHN DOE**, was aware that the anti-theft devices were locking on other shopping carts prior to Petitioner's fall.

10.

Upon information and belief, no warnings were given to patrons warning them that the shopping carts have anti-theft devices that may lock anywhere regardless of removal from business premises.

2021-01419 Case 2:21-cv-01353-SSV-JVM   Document 1-3   Filed 07/16/21   Page 3 of 5

G
Section 11

FILED
2021 FEB 17  A 11:00
CIVIL
DISTRICT COURT

11.

Petitioner avers that the lack of maintenance and/or replacement of anti-theft devices on the shopping carts constituted an unreasonable dangerous condition on the property, which was known or should have been known by the Defendant.

12.

The condition of the shopping cart presented an unreasonable risk of harm to Petitioner and that risk of harm was reasonably foreseeable.

13.

The aforesaid incident and resulting injuries and damages specified herein were proximately and legally caused, in whole or in part, by the fault and negligence of Defendants, **DOLLAR GENERAL CORPORATION AND JOHN DOE** and their employee(s), including but not limited to supervisor(s), agent(s), or others under their direction, control, and supervision, and the negligent acts include, but are not limited to, the following negligent acts of omission and/or commission among others, that may be shown during trial thereof:

   a. failure to maintain a safe place of business;

   b. failure to maintain adequate shopping equipment;

   c. failure to complete inspections of shopping carts;

   d. failure to warn of unreasonably dangerous condition on the premises and/or hazardous condition on the premises;

   e. failure to warn of an unsafe condition on the premises;

   f. failure to properly inspect premises for equipment that is not functioning properly;

   g. failure to remove equipment from the fleet that is not functioning properly ;

   h. failure to maintain premises in safe condition;

   i. failure to keep the premises free of any hazardous conditions;

   j. failure to take all necessary and appropriate safety measures to ensure safety of those present on the premises;

   k. failure to ensure the premises did not pose an unreasonable risk of harm to those present;

   l. failure to properly supervise employees and/or managers to prevent them from creating dangerous conditions;

   m. failure to properly train all employees and/or managers to ensure they exercise

3

2021-01419 Case 2:21-cv-01353-SSV-JVM Document 1-3 Filed 07/16/21 Page 4 of 5

G
Section 11

FILED
2021 FEB 17 A 11:00
CIVIL
DISTRICT COURT

proper precaution when customers are injured during business hours;

n. wanton and reckless disregard for the safety of others;

o. failure to do any and all acts which could have prevented the incident in question; and

p. such other acts of negligence as are indicated from the facts alleged herein and may be show at trial;

all of which are in violation of the dictates of common sense, and the applicable ordinances and laws of the Parish of Orleans and the State of Louisiana, all of which are specifically plead herein.

14.

Alternatively and/or in addition to the above, the injuries, damages, expenses and costs sustained by Petitioner was directly or proximately caused by an unreasonably dangerous condition in the premises, namely the anti-theft device located on the wheels of the shopping cart. Further, Defendant knew or should have known of the unreasonably dangerous condition in its premises. The doctrine of strict liability is applicable pursuant to the Louisiana Civil Code.

15.

Upon information and belief, Petitioner avers that at the time of the incident referred to herein, and at all other pertinent times, the Defendant's premises were insured by a self-retention insurance policy, issued by **DOLLAR GENERAL CORPORATION**, which was in full force and effect at all times relevant herein.

16.

As a result of the incident herein sued upon, Petitioner, **HARVEY HALL**, sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, past and future medicals, permanent injuries and disabilities, and any and all other damages that may be proven at the trial of this matter.

**WHEREFORE,** premises considered, Petitioner prays that a copy of this petition be served upon the defendants in the manner prescribed by law and that, after due proceedings are had and after all legal delays, there be judgment in favor of Petitioner, **HARVEY HALL**, and against defendants, **DOLLAR GENERAL CORPORATION, ABC INSURANCE COMPANY, AND JOHN DOE** individually, jointly and in solido, for such damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, for all costs of these proceedings and for all other further relief to which plaintiff may be entitled.

4

2021-01419
G
Section 11
Case 2:21-cv-01353-SSV-JVM   Document 1-3   Filed 07/16/21   Page 5 of 5
FILED
2021 FEB 17   A 11:00
CIVIL
DISTRICT COURT

Petitioner further reserves the right for a trial by jury and prays for all general and equitable relief.

Respectfully submitted,

**WRIGHT & GRAY**

_____
Eric A. Wright, LA Bar No. 26149
Daryl A. Gray, LA Bar No. 34225
201 St. Charles Avenue, Suite 3206
New Orleans, LA 70170
Telephone: 504-500-0000
Facsimile: 504-324-0445

*ATTORNEYS FOR PLAINTIFF*

**PLEASE SERVE THE PETITION AND CITATION UPON THE FOLLOWING DEFENDANTS:**

**DOLGEN, L.L.C. d/b/a DOLLAR GENRERL CORPORATION**
Through its registered agent,
C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70802

**PLEASE HOLD SERVICE ON:**

**ABC INSURANCE COMPANY**

    **AND**

**JOHN DOE**