UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEY HALL | CIVIL ACTION |
| VERSUS | NO. 21-1353 |
| DOLGEN, LLC, ET AL. | SECTION "R" (1) |

**ORDER AND REASONS**

Before the Court is defendant DG Louisiana, LLC's ("Dollar General") motion for summary judgment.[1] Plaintiff Harvey Hall does not oppose the motion. For the following reasons, the Court grants the motion, and dismisses plaintiff's complaint.

**I.   BACKGROUND**

This case arises from plaintiff Harvey Hall's alleged fall on the premises of Dollar General's retail store in New Orleans, Louisiana.[2] Plaintiff asserts that he fell and sustained injuries when the anti-theft device on the shopping cart that he was using caused the wheels to lock up.[3] On February 17, 2021, Hall brought a negligence action in the Civil District Court for the Parish of

---

[1]   R. Doc. 19.
[2]   R. Doc. 1-3 at 2 (Complaint ¶ 4).
[3]   *Id.* at 2, 4 (Complaint ¶¶ 7, 16).

Orleans, alleging, among other things, that Dollar General failed to maintain a safe place of business, maintain adequate shopping equipment, complete inspections of shopping carts, and warn of an unsafe condition on the premises.[4]

Defendant now moves for summary judgment, arguing that plaintiff has not produced sufficient evidence of defendant's negligence.[5]  Plaintiff does not oppose defendant's motion.  The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are

---

[4]   *Id.* at 3 (Complaint ¶ 13).
[5]   R. Doc. 19.

drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

3

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is

4

unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III.   DISCUSSION

Regardless of whether plaintiff's negligence claims arise from La. Civ. Code art. 2317.1 or La. Rev. Stat. 9:2800.6, he bears the burden of proof. Article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Likewise, La. Rev. Stat. 9:2800.6 provides that in a negligence claim against a merchant, the plaintiff must show:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Dollar General moves for summary judgment on the grounds that Hall has not come forward with evidence establishing what caused him to fall or that Dollar General had notice of the alleged dangerous condition, both of which are essential elements of plaintiff's claim.[6]

It is uncontested that in plaintiff's deposition, he testified that he did not know what an anti-theft device was.[7] Further, he testified that he did not know if there was an anti-theft device on the cart he was using, and if there was one, whether it was broken or defective.[8] Plaintiff acknowledges that the cart did not appear broken and that it worked "just fine" for half an hour before he fell.[9] Plaintiff's daughter, who was walking in front of him at the time of the accident, does not know if the cart had an antitheft device on it or how her father fell.[10] And plaintiff has not produced any evidence that Dollar General had notice or should have known of the alleged dangerous condition on the premises.

---

[6]   R. Doc. 19-1 at 8-12.
[7]   R. Doc. 19-2 at 1 (Statement of Uncontested Facts ¶ 3).
[8]   *Id.* (Statement of Uncontested Facts ¶ 5).
[9]   *Id.* at 1-2 (Statement of Uncontested Facts ¶¶ 6, 9).
[10]  *Id.* at 2 (Statement of Uncontested Facts ¶¶ 13, 15).

Plaintiff cannot fall back on the pleadings to survive summary judgment, and his speculation as to what caused the accident is similarly insufficient. *See Reed v. Home Depot USA, Inc.*, 843 So. 2d 588, 591 (La. App. 2 Cir. 2003) ("[Plaintiff's] speculation as to what caused the accident cannot supply the *factual support* necessary to show that the plaintiff would be able to meet her evidentiary burden at trial"). As plaintiff has failed to come forward with evidence of what caused his fall or whether Dollar General had notice or should have known of the alleged dangerous condition, his claims must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment[11] is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __18th__ day of July, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11] R. Doc. 19.