UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEY HALL | CIVIL ACTION |
| VERSUS | NO. 21-1353 |
| DOLGEN, LLC, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is plaintiff Harvey Hall's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] Defendant DG Louisiana, LLC opposes plaintiff's motion. For the following reasons, the Court denies plaintiff's motion.

### I. BACKGROUND

This case arises from plaintiff Harvey Hall's alleged fall on the premises of Dollar General's retail store in New Orleans, Louisiana, when the anti-theft device on the shopping cart he was using caused the wheels to lock.[2] Hall brought a negligence action in the Civil District Court for the Parish of Orleans, alleging, among other things, that Dollar General failed to maintain

---

[1]   R. Doc. 26.
[2]   R. Doc. 1-3 at 2 (Complaint ¶ 4).

a safe place of business, maintain adequate shopping equipment, inspect shopping carts, and warn of unsafe conditions on the premises.[3]

On July 18, 2022, this Court granted defendant's unopposed summary judgment motion on the grounds that plaintiff failed to come forward with evidence of what caused his fall or whether Dollar General had notice or shown have known of the alleged dangerous condition.[4] Plaintiff now moves for relief from that judgment on the grounds that his failure to respond to defendant's summary judgment was due to excusable neglect.[5] Defendant opposes plaintiff's motion.[6] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

A district court has broad discretion to grant or deny a motion under Federal Rule of Civil Procedure 60(b). *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017). Rule 60(b) permits a court to grant relief from a final judgment or order only upon a showing of one of the following:

---

[3] *Id.* at 3 (Complaint ¶ 13).
[4] R. Doc. 23.
[5] R. Doc. 26.
[6] R. Doc. 28.

2

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is considered an extraordinary remedy, but courts may construe the Rule in order to do substantial justice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).  Courts must balance "the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quotation marks omitted).

## III. DISCUSSION

Plaintiff moves for relief under Rule 60(b)(1), which permits a district court to grant relief from a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." Although Rule 60(b) "should be liberally construed," the Fifth Circuit has held that "gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356-57 (5th Cir. 1993). Rather, relief under Rule 60(b) is granted only in "unusual or unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). Plaintiff as failed to establish the existence of such "unusual or unique circumstances" here, nor has he demonstrated that its counsel's neglect was "excusable."

Plaintiff contends that he is entitled to relief from this Court's judgment dismissing his case because his counsel's failure to respond to defendant's motion for summary judgment was "due to the convergence" of two "extraordinary circumstances," namely that his counsel was preparing for a trip abroad the day defendant filed its motion for summary judgment and the associate assigned to the case had recently resigned.[7] These reasons do not excuse his neglect. Counsel returned from his trip on June 9, 2022,

---

7   R. Doc. 26.

4

six days before the submission date of defendant's motion for summary judgment.[8]  Had he paid attention to activity in this matter, he could have sought an extension of the submission date to give him time to respond on behalf of his client.  Further, counsel gives no reason why he or one of his colleagues could not have monitored activity in his clients' matters around the time of his trip.  In any event, the Fifth Circuit has held that "conflicts in scheduling do not provide sufficient excuse to warrant relief under Rule 60(b)(1)." *Pryor*, 769 F.2d at 287.  Indeed, "a party has a duty of diligence to inquire about the status of a case," *id.*, and "the negligence or carelessness of a client's lawyer, such as missing deadlines, does not constitute justifiable neglect under Rule 60(b)(1)," *Mortland v. Startran, Inc.*, No. 99-50331, 1999 WL 1328022, at *1 (5th Cir. Dec. 8, 1999).  *See also Long v. James*, 667 F. App'x 862, 863 (5th Cir. 2016) (affirming denial of 60(b) motion premised on argument that plaintiff's counsel "did not receive Defendants' Motion for Summary Judgment from the court's electronic filing system and was thus unaware that any motion had been filed until his counsel received the court's final judgment").

    "[I]t has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client, . .

---

8    R. Doc. 19.

. no matter how 'unfair' this on occasion may seem." *Pryor*, 769 F.2d at 288 (internal citation omitted). In cases such as this one, where a party fails to respond due to the carelessness or neglect of his counsel, "the proper recourse for the aggrieved client . . . is to seek malpractice damages from the attorney." *Id.* at 289. If Rule 60(b) relief were afforded in such circumstances, "meaningful finality of judgment would largely disappear." *Id.* at 288.

Further, plaintiff does not provide evidence in his motion for relief "that he had a fair probability of success on the merits if the judgment were set aside, and thus relief under Rule 60(b)(1) would be improper." *Long*, 667 F. App'x at 864. Among other issues, plaintiff has failed to identify evidence demonstrating that defendant had actual or constructive notice of the alleged defect in the shopping carts. *See* La. Rev. Stat. 9:2800.6 (requiring a plaintiff to show that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence," to prevail on a negligence claim against a merchant); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084-85 (La. 1997) ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.").

6

In sum, Rule 60(b) clearly establishes the grounds for relief from judgment by the Court, and plaintiff has failed to demonstrate that a permissible ground is present here.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion.

New Orleans, Louisiana, this __16th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE